IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America,  )  | |
| ) | |
| Plaintiff, ) | **ORDER GRANTING DEFENDANT'S** |
| ) | **MOTION TO SUPPRESS** |
| vs. ) | |
| ) | |
| Eugene Allen Brown, ) | Case No. 1:21-cr-230 |
| a/k/a Michael Allen Carrillo, ) | |
| ) | |
| Defendant. ) | |

Before the Court is Eugene Allen Brown's "Motion to Suppress" filed on June 15, 2022. See Doc. No. 36. The Government filed a response in opposition to the motion on July 11, 2022. See Doc. No. 42. A reply was filed on July 15, 2022. See Doc. No. 45. The Court held a suppression hearing on November 9, 2022. For the reasons set forth below, the motion is granted.

I.   **BACKGROUND**

The Court held a suppression hearing on November 9, 2022. Williston Police Officer Garrett Norsten testified at the hearing. The factual background is derived from his testimony, the law enforcement reports, body camera footage, and dash camera footage in the record.

On August 19, 2021, Officer Norsten was on patrol conducting seatbelt enforcement in Williston, North Dakota. At approximately 11:17 a.m. Officer Norsten observed a moving vehicle in which both the passenger and driver appeared to not be wearing their seatbelts. According to Officer Norsten's affidavit, he "observed several cracks in the passenger side windshield" as the vehicle passed. See Doc. No. 42-1. He believed the cracked windshield to be a safety concern. Id. He also believed the cracked windshield "to be a violation of Williston City Ordinance § 10-139 because based on the size of the crack, [he] believed the driver's view would be obstructed." Id.

1

Officer Norsten initiated a traffic stop of the vehicle. He learned the driver of the vehicle was Eugene Allen Brown ("Brown"). He notified Brown that the primary reason for the stop was the cracked windshield. Brown was informed that he would receive a citation for the seatbelt offense and would receive a warning for the cracked windshield rather than a citation.

Officer Norsten asked Brown to exit the vehicle. Brown then consented to entering the patrol vehicle while Officer Norsten completed the paperwork and processing for the seatbelt violation. Once in the patrol car, Officer Norsten asked follow-up questions to information Brown volunteered about his recent truck purchase and his upcoming move to Canada. This conversation occurred as Officer Norsten filled out information on his computer for the seatbelt violation. Officer Norsten testified that a traffic investigation and citation for this offense typically lasts approximately 10 to 15 minutes.

Officer Norsten called the names of Brown and the passenger into dispatch to check for warrants. While waiting for a response from dispatch Officer Norsten questioned Brown. Brown admitted to the presence of marijuana paraphernalia. See Doc. No. 37-1. Officer Norsten then asked if there was anything else illegal in the vehicle. Brown stated a rifle was in the vehicle. When asked, Brown informed Officer Norsten that he is a felon, followed by Brown's redaction indicating he misunderstood the question.

Brown was subsequently arrested for two counts of felon in possession of a firearm, possession of an altered firearm, and possession of a concealed weapon. Officer Norsten issued a seatbelt citation and a written warning for the cracked windshield. He categorized the windshield warning as an equipment violation.

**II.     LEGAL DISCUSSION**

Brown seeks to supress evidence and statements derived from the traffic stop on August 19, 2021. Specifically, Brown moves to exclude firearms, ammunition, and statements made during the stop. Brown contends the evidence obtained from the traffic stop should be suppressed because there was not a valid basis for the stop. The Government argues that the stop was lawful because the law enforcement officer's actions were objectively reasonable, requiring Brown's motion to suppress be denied.

Because a traffic stop constitutes a seizure under the Fourth Amendment, an officer must have probable cause or a reasonable suspicion that the vehicle or its occupants are involved in illegal activity before conducting a traffic stop. See United States v. Hollins, 685 F.3d 703, 705-06 (8th Cir. 2012); United States v. Payne, 534 F.3d 948, 951 (8th Cir. 2008). Courts assess reasonable suspicion from the point of view of the officer based upon the totality of the circumstances known to the officer at the time. United States v. Zamora-Lopez, 685 F.3d 787, 790 (8th Cir. 2012).  A determination of whether probable cause or reasonable suspicion existed is not to be made with the benefit of hindsight, but rather by looking at what the officer reasonably knew at the time. Hollins, 685 F.3d at 706. A reasonable suspicion must be more than a hunch. See United States v. Walker, 555 F.3d 716, 719 (8th Cir. 2009).

It is well-established in the Eighth Circuit Court of Appeals that a traffic violation, no matter how minor, provides an officer with probable cause for a traffic stop. United States v. Coleman, 700 F.3d 329, 334 (8th Cir. 2012). "As long as an officer objectively has a reasonable basis for believing that the driver has breached a traffic law, the officer has probable cause to conduct a traffic stop." United States v. Coney, 456 F.3d 850, 856 (8th Cir. 2006) (internal quotations omitted). An officer's subjective intentions for making a traffic stop are irrelevant once

he has established probable cause based upon the observation of a traffic violation. United States v. Fuehrer, 844 F.3d 767, 772 (8th Cir. 2016).

Section 39-21-39(1) of the North Dakota Century Code provides:

> A motor vehicle must be equipped with a windshield. An individual may not drive any motor vehicle with any sign, poster, or other nontransparent material upon the front windshield, side wings, or side or rear windows which obstructs the driver's clear view of the highway or any intersecting highway.

N.D.C.C. § 39-21-39(1). In *State v. Bolme*, the North Dakota Supreme Court concluded operating a motor vehicle with a cracked windshield is not a violation of N.D.C.C. § 39-21-39(1). 2020 ND 255, 952 N.W.2d. 75. In *Bolme*, a law enforcement officer initiated a traffic stop after observing a crack on the passenger side of the defendant's windshield because he believed the driver's view was obstructed and in violation of N.D.C.C. § 39-21-39(1). The Supreme Court determined operating a motor vehicle with a crack in the windshield is not a violation of N.D.C.C. § 39-21-39(1). Nevertheless, the court found the law enforcement officer had reasonable suspicion because the court had not interpreted N.D.C.C. § 39-21-39(1) prior to the opinion. The court noted, "absent the determination provided by this opinion, it was not objectively unreasonable for the officer to believe a violation occurred." State v. Bolme, 2020 ND 255, ¶ 12, 952 N.W.2d. 75.

Officer Norsten testified that he initiated the stop because he believed the cracks in the passenger side of the windshield to be a violation of Williston City Ordinance § 10-139, which is identical in substance to N.D.C.C. § 39-21-39(1). The ordinance states:

> A motor vehicle must be equipped with a windshield. No person may drive any motor vehicle with any sign, poster, or other nontransparent material upon the front windshield, side wings, or side or rear windows which obstructs the driver's clear view of the highway or any intersecting highway.

See Doc. No. 42-3.

The Supreme Court's holding in *Bolme* equally applies to the Williston ordinance since it is nearly identical to N.D.C.C. § 39-21-39(1). The Williston ordinance is not an appropriate basis for a traffic stop when the identical state statute is not. Officer Norsten testified that the Williston ordinance was the law he relied upon when initiating the stop. He did not articulate any other basis for the stop at the hearing or in his affidavit.

"[T]he validity of a stop depends on whether the officer's actions were objectively reasonable in the circumstances, and in mistake cases the question is simply whether the mistake, whether of law or of fact, was an objectively reasonable one." United States v. Smart, 393 F.3d 767, 770 (8th Cir. 2005). While conceding that a cracked windshield is not a violation of N.D.C.C. § 39-21-39(1), the Government argues that Officer Norsten's mistake of law was objectively reasonable because the Supreme Court concluded the officer's belief was objectively reasonable in *Bolme*. This is a mischaracterization of the court's holding in *Bolme*. The Supreme Court specifically held the law enforcement officer had reasonable suspicion because the court had not previously determined whether a crack in the windshield was a violation of N.D.C.C. § 39-21-39(1). Bolme, at ¶ 12. Although Officer Norsten testified that he had not been made aware of the holding in *Bolme*, the decision was issued nine months prior to the traffic stop at issue in this case.

The Eighth Circuit Court of Appeals has held that an officer's subjective good faith is not sufficient to justify a stop because "officers have an obligation to understand the laws that they are entrusted with enforcing, at least to a level that is objectively reasonable." United States v. Martin, 411 F.3d 998, 1001 (8th Cir. 2005). In *U.S. v. Washington*, the Eighth Circuit concluded an officer's belief that a cracked windshield was a violation of a Nebraska statute was objectively unreasonable. 455 F.3d 824 (8th Cir. 2006). The court focused on the lack of evidence of "police manuals or training materials, state case law, legislative history, or any other state custom or

practice that would create some objectively reasonable basis for the traffic stop." "The concept of an objectively reasonable mistake of law cannot be so unmoored from actual legal authority." Id. at 828. In the absence of a basis in state law for an officer's actions and some ambiguity or state custom that caused the officer's mistake, officers cannot act upon misunderstandings of clear statutes. Id.

In the present case, no evidence was presented of any police manuals or training materials, legislative history, or any other state or local custom or practice that would create an objectively reasonable basis for the stop. Rather, state case law establishes a clear interpretation of the statute, which does not support the existence of an objectively reasonable basis for Officer Norsten's stop. In light of the Supreme Court's holding that a cracked windshield is not a violation of N.D.C.C. § 39-21-39(1), Officer Norsten's mistake of law was not objectively reasonable. The City of Williston had an obligation to ensure its officers were aware of changes in the law and understand the law, which was interpreted nine months prior to the traffic stop of the Defendant's vehicle. The Court is of the opinion that Officer Norsten acted in good faith, but the city had a responsibility to keep its officers appraised of cases like *Bolme* that directly impact the work of patrol officers on a daily basis. Citing to *U.S. v. Sanders*, the Government argues that officers are not expected "to interpret the traffic laws with the subtlety and expertise of a criminal defense attorney." 196 F.3d 910, 913 (8th Cir. 1999). However, Officer Norsten did not have to interpret the relevant ordinance in any way because it was already explicitly interpreted by the North Dakota Supreme Court. As a result, Officer Norsten lacked probable cause to conduct a traffic stop. Suffice it to say that officers have broad authority to stop vehicles for traffic violations, regardless of how minor the violation may be. However, there must be a legal justification for the stop grounded in the law. In light of the *Bolme* decision there was no legal basis for the stop in this case.

### III.   CONCLUSION

The Court has carefully reviewed the entire record, the parties' arguments, the evidence presented at the suppression hearing, and the relevant case law. For the reasons outlined above, the Court **GRANTS** the Defendant's motion to suppress (Doc. No. 36). All evidence derived from the traffic stop must be suppressed, including firearms, ammunition, and statements made during the stop.

**IT IS SO ORDERED.**

Dated this 17th day of November, 2022.

>                   */s/ Daniel L. Hovland*
>                   Daniel L. Hovland, District Judge
>                   United States District Court